IRA YEOMANS & another *vs.* WILLIAM H. STEVENS.

A devise in a will of the residue of all the testator's estate, real and personal, after his wife shall have taken her thirds, no direct provision being made for her in the will, includes the reversion of the land assigned to her in dower, if there are no other words in the will to show that such was not the intention of the testator.

WRIT OF ENTRY by trustees named in the will of Gad Root, which, after certain specific legacies to his grandchildren and to Mrs. Electa Miller, contained the following devise : " I give and bequeath unto Ira Yeomans and Eli B. Hamilton the residue of all my estate real and personal after my beloved wife shall have taken her thirds," in trust for the support and maintenance of his three children, with a disposition of the estate after their death. The land described in the writ is a portion of that which was assigned in dower to the testator's widow, who has since died. The tenant claimed title by virtue of a levy of an execution against one of the children, after the widow's death.

The facts were agreed.

*H. Fuller*, for the tenant.

*W. G. Bates*, for the demandants, was not called upon.

BIGELOW, C. J.    The intent of the testator to dispose of his entire estate by his will is too clear to admit of a doubt. The gift of " the residue of all my estate real and personal " to trustees carries the whole interest and property of the testator, unless limited and restrained by some other words or clause.    The tenant contends that these general words, by which the residuum is given in trust, are controlled by the clause which immediately follows them, and which makes the residue to consist of all the testator's real and personal estate, " after my beloved wife shall have taken her thirds."    The argument is that the word " thirds " is not used by the testator in the sense of dower, and that the reversion in the real estate after the termination of the life estate of his wife in the one third thereof which was set off to her as dower did not pass under the will to the trustees, but was left as undevised estate, which descended to the heirs at law.    We, however, can see no plausible reason

for giving such a limited meaning to the word " thirds," as used by the testator. He clearly intended that his wife should take the exact interest to which she would have been entitled if he had died intestate. He therefore made no direct devise or bequest to her, but disposed of the residue of his estate, both real and personal, after his wife " shall have taken her thirds ; " that is, after she has received one third of the personal estate, which would go to her by law under *St.* 1805, *c.* 90, § 2, which was in force at the time of the probate of the will, and after the expiration of her life estate in one third of his real property to which she was entitled as dower. This was the third in his real estate to which he refers in this clause of his will, and is the only interest which she could have therein except by a direct devise from him. This made the residue in his real estate to consist not only of that part in which his wife had no interest, but also that which remained after the expiration of her life estate therein.

The right of the trustees to remain in possession of the demanded premises under the provisions of the will, during the lives of the *cestuis que trust,* was settled in *Root* v. *Yeomans,* 15 Pick. 488.                                *Judgment for the demandants.*